UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARKUS MORRIS, as the only child and next of kin of kin of WILLIAM MORRIS, a single person, deceased,<br><br>   Plaintiff,<br><br>   vs.<br><br>WTS EXPRESS, INC., et al.,<br><br>   Defendants. | No. 1:19-cv-81 SNLJ |

## MEMORANDUM AND ORDER

Plaintiff Markus Morris's father, William Morris, was killed in a motor vehicle accident between a tractor-trailer truck being operated by defendant Erick B. Dumas, Sr., and a Chevrolet Tahoe in which William Morris was a passenger.  Plaintiff named Dumas and WTS Express, Inc. as defendants in this wrongful death lawsuit and alleged that WTS operated the tractor-trailer and employed the defendant driver of the truck. Plaintiff has moved for partial summary judgment seeking a declaration that defendant WTS employed defendant Dumas at the time of the incident.

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-*

1

*op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

In support of his motion for partial summary judgment, plaintiff states that defendant truck driver Dumas testified at his deposition that he was employed by WTS. In support, plaintiff cites the following testimony:

> Q: So you do remember the guilty plea, you just don't know all the details of what's in the paperwork; correct?
>
> A: Yeah.

[#40-1 at p. 36, ll. 8-11.] This passage does not appear to support plaintiff's argument.

Defendant WTS denies that it employed Dumas or that Dumas even testified as such during his deposition. Instead, WTS cites to deposition testimony in which Dumas

testified that he was employed by someone named "Rami." [#40-1 at p. 46.] WTS also denies that WTS owned the truck, citing to evidence that either Ahmad Albanna or Rami Banna owned the truck at the time of the accident. [#45-2, #45-3.]

This Court notes that Dumas testified he was "driving for" WTS. Dumas testified that he was paid by WTS with a check [*id*. at p. 18], he did not receive a W-2 [*id.*], and that he called "Rami" the "boss man" and understood him to be the owner of WTS [*id.* at p. 46].

The fact of whether defendant Dumas was employed by defendant WTS is disputed. Notably, plaintiff has not filed a reply memorandum, and the time for doing so has passed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for partial summary judgment [#41] is DENIED.

Dated this  17th  day of December, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

3